**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

Morgan E. Smith (SBN 293503)
**FINNEGAN, HENDERSON, FARABOW,**
  **GARRETT & DUNNER, LLP**
morgan.smith@finnegan.com
3300 Hillview Avenue
Palo Alto, CA  94304
Telephone:     (650) 849-6600
Facsimile:     (650) 849-6666

Margaret A. Esquenet (*pro hac vice* to be filed)
Samuel V. Eichner (*pro hac vice* to be filed)
**FINNEGAN, HENDERSON, FARABOW,**
  **GARRETT & DUNNER, LLP**
margaret.esquenet@finnegan.com
samuel.eichner@finnegan.com
901 New York Avenue, N.W.
Washington, D.C.  20001-4413
Telephone:     (202) 408-4000
Facsimile:     (202) 408-4400

Attorneys for Plaintiff
Examinations Institute of the American Chemical Society,
Division of Chemical Education

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| EXAMINATIONS INSTITUTE OF THE AMERICAN CHEMICAL SOCIETY, DIVISION OF CHEMICAL EDUCATION, <br><br> Plaintiff, <br><br> v. <br><br> CHEGG, INC., <br><br> Defendant. | CASE NO. <br><br> **COMPLAINT FOR COPYRIGHT INFRINGEMENT, FALSE ADVERTISING, UNFAIR COMPETITION, AND TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE** <br><br> **JURY TRIAL DEMANDED** <br><br> **REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED** |

REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED

1

## COMPLAINT

Plaintiff, the Examinations Institute of the American Chemical Society, Division of Chemical Education (the "Examinations Institute"), by its undersigned attorneys, alleges as follows, upon actual knowledge with respect to itself and its own acts, and upon information and belief as to all other matters.

## NATURE OF THE ACTION

1.      This is a civil action for copyright infringement, false advertising, unfair competition, and tortious interference with prospective economic advantage.  The Examinations Institute brings this action against Chegg, Inc. ("Chegg") for its willful and intentional infringement of the Examinations Institute's copyrights in its secure examinations and study guides and related unlawful conduct.  Chegg offers exam question answers to students who upload photographed examination questions, which Chegg reproduces, distributes, displays, and uses to create unlawful derivative works.  In doing so, Chegg facilitates and profits from cheating through a business model that thrives on copyright infringement and academic fraud.  Chegg not only directly infringes the Examinations Institute's copyrights through unauthorized reproduction, distribution, display, and creation of derivative works, but also induces, contributes to, and is vicariously liable for third-party infringement.  Chegg's encouragement and facilitation of cheating injures the Examinations Institute's reputation as a source of secure and rigorously tested materials, impairing its not-for-profit educational mission, and has facilitated breaches of its secure examinations that have caused and will cause the Examinations Institute to incur significant costs.  The Examinations Institute seeks to enjoin such activities, and recover statutory damages, actual damages, Chegg's profits, restitution, and attorneys' fees and costs.

## THE PARTIES

2.      Plaintiff, the Examinations Institute of the American Chemical Society, Division of Chemical Education, is a not-for-profit Washington, District of Columbia corporation with its principal place of business at 1155 16th Street, NW, Washington, District of Columbia 20036.

3.      Defendant Chegg, Inc. is a corporation with its principal place of business at 3990 Freedom Circle, Santa Clara, California 95054.

COMPLAINT
Case No. _____

REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED

## JURISDICTION AND VENUE

4.     This action arises under the federal Copyright Act, 17 U.S.C. §§ 101, *et seq*., and the Lanham Act, 15 U.S.C. §§ 1051 *et seq*.  This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338(a) and (b) and 15 U.S.C. § 1121.  This Court also has diversity jurisdiction under 28 U.S.C. § 1332 because the Examinations Institute resides in the District of Columbia, Chegg resides in California, and the amount in controversy exceeds $75,000.  This Court has supplemental jurisdiction over the Examination Institute's state law claims pursuant to 28 U.S.C. § 1367 because those claims are substantially related to the Examination Institute's federal Copyright and Lanham Act claims.

5.     This Court has personal jurisdiction over Chegg, and venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c), because the Examinations Institute has been harmed in this District, and because Chegg operates and violates the Examinations Institute's rights in this District.

## INTRADISTRICT ASSIGNMENT

6.     Assuming the intradistrict assignment requirement applies to this intellectual property case, a substantial amount of the acts complained of herein were committed in Santa Clara, Santa Clara County, California, so that assignment to the San Jose division of this district is appropriate.

## THE EXAMINATIONS INSTITUTE AND ITS EXAMINATIONS AND STUDY GUIDES

7.     Since 1934, the Examinations Institute has developed and administered examinations designed to evaluate scholastic competency in chemistry.

8.     The Examinations Institute sets nationwide standards in chemistry proficiency through the creation of standardized examinations administered by high schools, colleges, and universities across the United Sates.

9.     The Examinations Institute's examinations are often incorporated into high school and university curricula and typically have a material impact on a student's grade point average.  As a result, students often purchase the Examinations Institute's study guides to prepare for the examinations.

COMPLAINT
Case No. _____

REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED

1      10.    The Examinations Institute's examinations are demonstrably objective and unbiased
2 in order to serve their purpose of functioning as a nationwide standard for academic proficiency in
3 chemistry.

4      11.    The Examinations Institute's examinations are created through intensive collaboration
5 to ensure that relevant topics and sub-topics are accurately, adequately, and proportionately tested in
6 a normative and non-biased manner.

7      12.    Each of the Examinations Institute's examination questions must undergo rigorous
8 psychometric evaluation and analysis to ensure their accuracy, fairness, validity, quality, and
9 reliability.

10      13.    After the initial release of an Examinations Institute chemistry examination,
11 additional resources and personnel time are invested in the continued psychometric analysis of the
12 exam and the generation of national norms.

13      14.    The creation of an Examinations Institute chemistry examination is a costly, time-
14 consuming endeavor, which results in a valuable finished product that is obtainable only through a
15 rigorous testing process.

16      15.    As a result of the rigor of the process by which its examinations are created, tested,
17 distributed, and monitored, the Examinations Institute has earned an exemplary reputation in its
18 field.

19      16.    As a not-for-profit, the Examinations Institute relies on the fees for its examinations
20 and study guides to fund its educational mission.

21      17.    All Examinations Institute examinations and study guides are registered with the U.S.
22 Copyright Office (collectively "the Examinations Institute's Registered Copyrights").

23      18.    The Examinations Institute obtains copyright registrations for its examinations using
24 the U.S. Copyright Office's Secure Test Procedures.  Under such procedures, an applicant must
25 schedule an interview with a registration specialist to inspect the examination to be registered under
26 secure conditions.  In lieu of deposit materials, Secure Test Procedures only require deposit of
27 "identifying material," which may consist of an examination cover page and a mostly redacted final

28

COMPLAINT
Case No. _____

**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

page (with only "a narrow diagonal strip of visible content") for public inspection in appropriate circumstances.

19.     The Copyright Office's Secure Test procedures permit the Examinations Institute to register copyrights in its examinations while maintaining their security and confidentiality.  By utilizing these procedures, the Examinations Institute need not disclose any examination question.

20.     The Examinations Institute requires every instructor who purchases an examination to sign a security pledge, which, among other duties, obligates the instructor to ensure that each and every copy of the examination is either stored in a "secure location," returned to the Examinations Institute, or destroyed under "secure conditions."  Each instructor must also sign the security pledge on behalf of his or her employer (the school) and must ensure that the examination is not duplicated in any manner, in whole or in part.

21.     The Examinations Institute owns, among others, the following valid and subsisting U.S. copyright registrations for its secure examinations:

| Title of Work | Reg. No. |
|---|---|
| ACS Division of Chemical Education Examination General Chemistry 2009-Gray Form ("GC09 Exam") | TXu 1-711-644 |
| ACS Division of Chemical Education Examination, General Chemistry Exam - Gray Form ("GC13 Exam") | TXu 1-877-022 |
| ACS Division of Chemical Education Examination, General Chemistry Second-Term - Gray Form ("GC14S Exam") | TXu 1-955-711 |
| ACS Division of Chemical Education Examination, General Chemistry Exam - Gray and Yellow Forms ("GC15 Exam") | TXu 1-955-148 TXu 1-955-036 |
| ACS Division of Chemical Education Examination Organic Chemistry 2008 ("OR08 Exam") | TXu 1-711-631 |
| ACS Division of Chemical Education Examination, Organic Chemistry Exam ("OR12 Exam") | TXu 1-877-041 |
| ACS Division of Chemical Education Examination, Organic Chemistry ("OR16 Exam") | TXu 2-024-404 |

22.     Additionally, the Examinations Institute owns, among others, valid and subsisting U.S. copyright registrations for its study guides, including for example:

| Title of Work | Reg. No. |
|---|---|
| Preparing for your ACS examination in organic chemistry: the official guide ("Guide") | TX 5-586-012 |

COMPLAINT
Case No. _____

REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED

23.     Chegg has infringed all of the Examinations Institute's registered copyrights listed in paragraphs 21 through 22 (above), and has also infringed additional registered copyrights owned by the Examinations Institute (collectively, the "Examinations Institute's Registered Copyrights").

## CHEGG'S INFRINGEMENT OF EXAMINATION INSTITUTE COPYRIGHTS AND REPUTATIONAL HARM

24.     The Examinations Institute has identified wide scale and systemic infringement of its copyrights on Chegg.com.  *See* Exhibit A.

25.     Such infringement of the Examinations Institute's copyrights begins as soon as Chegg, or a Chegg user, uploads an examination question photographed from an Examinations Institute test booklet or study guide into Chegg's system.

26.     Chegg users upload photographed examination questions into Chegg's system as part of Chegg's "Q&A" service, which helps users answer questions on scholastic subjects.

27.     Only Chegg users who pay a subscription fee can have questions answered on Chegg.com.  However, anyone with an internet connection can access uploaded photographed questions.

28.     After a user, or Chegg, uploads photographed questions to Chegg.com they are made searchable.

29.     Chegg uses optical character recognition ("OCR") to "capture" textbook questions, as shown in the screen capture below:



30.     Chegg also uses OCR technology to convert photographed examination questions uploaded by its student users, or by Chegg, into searchable text.

COMPLAINT
Case No. _____

REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED

31.     Because photographed examination questions are made searchable, they are accessible to the general public, and specifically anyone using Chegg.com's "Ask a study question" tool:



32.     A search on Chegg.com for "ACS Exams" returns hits containing the Examinations Institute's copyright information, but with substantial errors indicative of OCR conversion, as shown below:



33.     Chegg's use of OCR technology causes unauthorized copies and derivative works of copyright-protected Examinations Institute content to be made.

34.     Chegg's use of OCR technology is not fully automated, but rather requires intervention by a Chegg employee or contractor in order to complete the conversion from image to searchable text.

35.     Chegg derives benefits from making copyright-protected Examinations Institute content searchable, including subscription fees and advertising revenue.

COMPLAINT
Case No. _____

REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED

36.     A search for "ACS Exams" on Chegg.com returns links to photographed Examinations Institute examination questions, each of which is accessible without a Chegg.com subscription, and many of which clearly display the Examinations Institute's copyright information, including for example:  "© *ACS DivCHED Exams Institute*" and "*It is illegal to photocopy or post any part of this examination on the internet*," as shown below:



37.     Such photographed examination questions are answered by Chegg "experts," who are held out to the public as Chegg employees on the chegg.com website:

MEMBERSHIP INCLUDES:

Textbook Solutions
Step-by-step solutions (Odd & Even) for over 22,000 ISBNs

Expert Q&A
Stuck? Ask our experts and study community, 24/7

38.     Chegg experts, whether employees or independent contractors, are directed, controlled, and/or supervised by Chegg.

39.     Chegg experts have actual notice of the Examinations Institute's copyright notice and claims.

40.     Each Chegg expert is managed by a Chegg "Content Lead."

COMPLAINT
Case No. _____

REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED



41.     Content Leads are Chegg employees.

42.     Chegg Content Leads review photographed examination questions uploaded to Chegg.com and assign them to an appropriate Chegg expert.

43.     Searches on Chegg.com using the "Ask a study question" search tool reveal photographed examination questions that have already been answered by a Chegg "expert."

44.     Chegg Content Leads disseminate  "qualified content" on Chegg.com:



45.     Chegg Content Leads also review "external content" for quality control purposes, as shown below:

COMPLAINT
Case No. _____

REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED



46.    Chegg employees make photographed questions uploaded to Chegg.com accessible to the general public after they are answered by Chegg experts.

47.    Chegg experts make photographed questions uploaded to Chegg.com accessible to the general public after they answer photographed questions.

48.    At least one Chegg employee or Chegg expert reviews all photographed questions in order to answer the question, for quality control, or for some other purpose.

49.    At least one Chegg expert had actual notice of the Examinations Institute's copyright notice and claims.

50.    At least one Chegg employee reviewed some, if not all photographed questions in Exhibit A.

51.    At least one Chegg employee had actual notice of the Examinations Institute's copyright information.

52.    Chegg derives benefits from making photographed questions accessible to the general public on Chegg.com, including subscription fees and advertising revenue.

53.    Chegg "experts" use the photographed question to answer it, as shown below:



COMPLAINT
Case No. _____

REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED

54.     At least one Chegg employee reviews all Chegg expert answers.

55.     Chegg derives benefits from answering and/or causing to be answered photographed questions uploaded to Chegg.com, including subscription fees and advertising revenue.

56.     Chegg users that pay monthly subscription fees for access to Chegg's Q&A service are encouraged to use Chegg's smartphone app, which is advertised as shown below:



57.     Chegg's sample photographed question closely resembles a photographed textbook, study guide, or exam booklet—all of which are materials routinely protected by copyright.

58.     Chegg's advertisements instruct and encourage students to "snap a picture" of copyrighted materials.

59.     If students buy a subscription and upload infringing photographs of examination and study questions, Chegg provides answers.

60.     Chegg's advertisements are motivated by a purpose of encouraging and profiting from copyright infringement.

61.     Chegg encourages its employees and contractors to infringe third-party copyrighted materials.

62.     Chegg pays its experts per question answered and fires experts that fail to answer more than a certain number of questions, regardless of whether such questions or answers would infringe third-party rights, including copyright, for example:

COMPLAINT
Case No. _____

**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**



63.     Through these and other strict protocols for answering photographed questions uploaded by students, Chegg supervises, directs, and controls its experts' infringement.

64.     Chegg supervises the infringement of its experts and retains the right and ability to do so.

65.     Chegg obtains a direct financial benefit from the infringement of its employees, contractors, and users.

66.     Chegg has actual and constructive knowledge of the infringement of its student users and has induced, encouraged, and/or materially contributed to such infringement.

67.     Chegg has actual and constructive knowledge of the infringement of its experts and has induced, encouraged, and/or materially contributed to such infringement.

68.     Chegg represents to its users that it is acceptable to copy and distribute examination questions and other materials to unrelated third parties and obtain answers to such questions.

69.     Chegg has actual and constructive knowledge of academic cheating by its users and experts and has induced, encouraged, and/or materially contributed to such fraud.

70.     Chegg's encouragement and facilitation of cheating damages the Examinations Institute's reputation as a trusted source of rigorous and secure examinations.

71.     Chegg's actions have caused and, if not stopped, will continue to cause immense financial and irreparable reputational harm to the Examinations Institute and significantly damage the Examinations Institute's ability to facilitate and maintain its not-for-profit educational mission.

COMPLAINT
Case No. _____

REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED

## CLAIMS FOR RELIEF

### COUNT I
### Copyright Infringement Under
### 17 U.S.C. §§ 101 *et seq.*

72.     The Examinations Institute repeats and realleges each and every allegation set forth in the preceding paragraphs of this Complaint.

73.     The Examinations Institute owns valid and subsisting copyright registrations in the Examinations Institute's Registered Copyrights.

74.     The Examinations Institute has not authorized Chegg or its employees, contractors, or users to use, copy, display, distribute, or manipulate its examinations or study guides in any way.

75.     Chegg, through its employees, contractors, and users, has directly infringed the Examinations Institute's Registered Copyrights by reproducing, distributing, displaying, and creating derivative works from its examinations and study guides with actual notice of the Examination Institute's copyright claims.

76.     Chegg's infringement was at all times willful and intentional.

77.     Chegg directly benefitted financially from its employees', contractors', and users' infringement of the Examinations Institute's Registered Copyrights, as described above.

78.     Chegg had the right and ability to supervise its employees', contractors', and users' infringement of the Examinations Institute's Registered Copyrights, as described above, and did not.

79.     Chegg is vicariously liable for its employees', contractors', and/or users' infringement of the Examinations Institute's Registered Copyrights, as described above.

80.     Chegg knew or had reason to know of its employees, contractors, and users' infringement and intentionally induced and/or materially contributed to such infringement.

81.     Chegg is contributorily liable for its employees', contractors', and users' infringement.

82.     Chegg is secondarily liable for its employees, contractors, and users' infringement.

83.     The Examinations Institute has suffered actual harm and reputational harm, and incurred significant costs as a direct and proximate result of Chegg's direct and secondary infringement.

REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED

### COUNT II
### False Advertising Under
### 15 U.S.C. § 1125(a)(1)

84.     The Examinations Institute repeats and realleges each and every allegation set forth in the preceding paragraphs of this Complaint.

85.     Chegg's advertisements instruct students to "snap a picture" of difficult questions or problems, and directly below this statement provide an example of the picture to be taken, where such example is a mock photograph of a standardized test question.  By telling Chegg users to "snap a picture," and by using a photographed standardized test question as an example, Chegg's advertisement is likely to cause confusion, or mistake, or to deceive students to believe such conduct is permissible, not unlawful, does not infringe copyright, does not expose such students to personal liability, and/or is approved or endorsed by the Examinations Institute whose materials are sold and rented on Chegg.com.

86.     If not literally false, Chegg's advertisements were misleading and/or false by necessary implication, and deceive or are likely to deceive students to think that uploading photographed examination questions to Chegg.com can be carried out with impunity.

87.     Chegg knows that students are less discerning and more impressionable than other consumers, has capitalized on this fact, and has willfully caused actual confusion among students.

88.     Chegg's deception is material because the legality of using Chegg.com is material to a consumer's purchasing decisions as a matter of California law.

89.     Chegg caused these false or misleading representations of fact to enter interstate commerce, and this in turn caused students to upload the photographed examination questions containing Examinations Institute content to Chegg.com.

90.     But for Chegg's false or misleading representations of fact students would not have purchased a subscription to Chegg.com and would not have uploaded Examinations Institute's photographed examination questions to Chegg.com.

91.     Chegg knew or should have known that its false or misleading representations of fact would cause students to upload photographed examination questions containing Examinations

COMPLAINT
Case No. _____

REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED

Institute content to Chegg.com, and that this would destroy the value of the Examinations Institute's secure examinations, harm the Examinations Institute's reputation, and cause it to incur recall costs.

92.     The Examinations Institute has suffered and is likely to suffer actual harm associated with its compromised examinations and damage to its reputation, as well as significant examination recall costs, all of which are a direct and proximate result of Chegg's false or misleading representations of fact.

## COUNT III
### False Advertising Under
### Cal. Bus & Prof. Code §§ 17500 *et seq.*

93.     The Examinations Institute repeats and realleges each and every allegation set forth in the preceding paragraphs of this Complaint.

94.     Chegg's advertisements constitute deceptive statements that instruct students to "snap a picture" of difficult questions or problems, and directly below this statement provide an example of the picture to be taken, where such example is a mock photograph of a standardized test question. By telling Chegg users to "snap a picture," and by using a photographed standardized test question as an example, Chegg's advertisements constitute statements under Cal. Bus & Prof. Code §§ 17500 *et seq.* that unfairly, unlawfully, deceptively, and misleadingly represent to students that such conduct is permissible, not unlawful, does not infringe copyright, does not expose such students to personal liability, and/or is approved or endorsed by the Examinations Institute whose materials are sold and rented on Chegg.com.

95.     If not literally false, Chegg's deceptive statements were misleading and/or false by necessary implication, and deceive or are likely to deceive students to think that uploading photographed examination questions to Chegg.com can be carried out with impunity.

96.     Chegg knows that students are less discerning and more impressionable than other consumers, has capitalized on this fact, and has willfully misled students that sit for the Examinations Institute's examinations.

97.     Chegg's deceptive statements are material because the legality of using any service, including Chegg's, is material to a consumer's purchasing decisions as a matter of California law.

COMPLAINT
Case No. _____

REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED

98.     Reasonable students would see Chegg's deceptive statements and rely on them for their truth, and specifically would understand "snap a picture," together with the hypothetical photograph of a standardized examination question, to indicate that students could take photographs of standardized examination questions and upload them to Chegg.com with impunity, when in fact there is no lawful scenario in which a student could photograph and upload a standardized test question to Chegg.com or any other website without authorization from the copyright owner.

99.     Chegg had reasonable alternatives to further its legitimate business interests, other than the deceptive statements described herein, and could have provided a disclaimer indicating what content could not be uploaded to Chegg.com.  Instead, Chegg intentionally misled students for its own unfair advantage.

100.    Chegg knew or by the exercise of reasonable care should have known that its deceptive statements were untrue and/or misleading because examination questions are routinely copyright-protected and because such questions cannot be reproduced, distributed, displayed, or used to make new works without the authorization of the copyright owner.

101.    Chegg knew or should have known that such deceptive statements were untrue and/or misleading and that such advertisements would and/or were likely to harm the Examinations Institute by causing students to upload the Examinations Institute's copyright-protected examination questions to Chegg.com, infringe the Examinations Institute's copyrights, compromise the Examinations Institute's secure examinations, harm the Examinations Institute's reputation, and cause it to incur recall costs.

102.    Chegg's deceptive statements substantially contribute to and encourage activities that directly harm and/or are likely to harm the Examinations Institute and the students that sit for its examinations.

103.    But for Chegg's deceptive statements students would not have purchased a subscription to Chegg.com and would not have uploaded Examinations Institute's photographed examination questions to Chegg.com.

104.    The Examinations Institute has suffered and is likely to suffer actual harm associated with its compromised examinations and damage to its reputation, as well as significant examination

REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED

recall costs, all of which are a direct and proximate result of Chegg's false or misleading representations of fact.

**COUNT IV**
**Unfair Competition Under**
**Cal. Bus & Prof. Code §§ 17200 *et seq.***

105.    The Examinations Institute repeats and realleges each and every allegation set forth in the preceding paragraphs of this Complaint.

106.    The Examinations Institute brings this cause of action pursuant to the "unlawful" prong, the "unfair" prong, and the "fraudulent business acts and practices" prong of Cal. Bus & Prof. Code §§ 17200 *et seq.*

107.    Chegg has engaged in unlawful, unfair, and fraudulent business acts or practices.

108.    Chegg has disseminated unfair, deceptive, untrue, and misleading advertising.

109.    Chegg has engaged in unlawful, unfair, and fraudulent business acts or practices by encouraging students to cheat on their examinations and to infringe copyrights through the provision of its Q&A service.

110.    The Examinations Institute's examination questions are only in the possession of students when they are sitting for actual proctored examinations.

111.    Chegg encourages cheating by telling students to "snap a picture" of content to get an answer back "ASAP." This results in students uploading photographs of the Examination Institute's secure content to Chegg.com in order to obtain answers "ASAP," which are used to cheat on the Examination Institute's examinations.

112.    Chegg knows or should know that the content it encourages students to photograph is secure and confidential by its very nature. Moreover, Chegg makes no effort to distinguish between secure content and non-secure content uploaded to Chegg.com before it disseminates such content to the public.

113.    Chegg's conduct substantially contributes to student cheating, which damages at least the Examinations Institute's norming procedures as well as the overall efficacy and reliability of its examinations.

COMPLAINT
Case No. _____

**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

114.   The student cheating encouraged by Chegg causes immense reputational harm to the Examinations Institute and causes it to incur significant costs associated with recalls of compromised examinations.

115.   The Examinations Institute has suffered actual harm and reputational harm, and has incurred significant costs as a direct and proximate result of Chegg's conduct.

116.   Chegg has disseminated unfair, deceptive, untrue, and misleading advertising by encouraging students to "snap a picture" of content routinely protected by copyright.

117.   Such students are easily misled by entities such as Chegg to believe such conduct is acceptable, not unlawful, and/or can be carried out with impunity.

118.   By encouraging students to "snap a picture" of copyrighted content, Chegg is actively misleading and/or likely to mislead students for its own gain.

119.   But for Chegg's unfair, unlawful, and fraudulent acts or practices students would not have purchased a subscription to Chegg.com and would not have uploaded Examinations Institute's photographed examination questions to Chegg.com.

120.   Such deception substantially contributes to and encourages activities that directly harm or are likely to harm the Examinations Institute and/or the general public.

121.   The Examinations Institute has suffered actual harm and reputational harm, and has incurred significant costs as a direct and proximate result of Chegg's conduct.

**COUNT V**
**Tortious Interference with Prospective Economic Advantage**

122.   The Examinations Institute repeats and realleges each and every allegation set forth in the preceding paragraphs of this Complaint.

123.   The Examinations Institute has an economic relationship with each student that sits for its examinations.

124.   Chegg is or should have been aware of the Examinations Institute's relationship with each student test-taker.  Specifically, Chegg knows or should know that each such student is expected to prepare for such examinations and will likely purchase Examinations Institute study guides in order to do so.

COMPLAINT
Case No. _____

**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

125.    Chegg knows or should know of the Examinations Institute's relationships with each student that has uploaded an Examinations Institute examination or study guide question to Chegg.com because such students give Chegg notice that such uploaded questions come from the Examinations Institute, usually by designating the photographed question an "ACS" question.

126.    By encouraging students to upload photographed examination questions owned by the Examinations Institute, Chegg intentionally or negligently interferes with the Examinations Institute's economic relationship with the students that sit for its examinations.

127.    Chegg interferes with the Examinations Institute's relationship with the students that sit for its examinations because Chegg's Q&A service supplants Examinations Institute study guides as a convenient, albeit unlawful alternative to other lawful Examinations Institute content available on Chegg.com

128.    Chegg proximately caused this harm to the Examinations Institute.  Chegg knows or should know that the Examinations Institute sells study guides to assist with its examination questions because Chegg sells Examinations Institutes' study guides on Chegg.com.  Chegg knew or should have known that students would use Chegg's "Ask a study question" tool—a more "convenient," albeit infringing, alternative to obtaining examination question answers—in lieu of purchasing Examinations Institute's study guides.

129.    Chegg caused this harm through negligence or wrongful acts, including copyright infringement, deceptive and misleading advertising, and unfair competition.

130.    The Examinations Institute has suffered actual harm and reputational harm, and has incurred significant costs as a direct and proximate result of Chegg's conduct.

131.    The Examinations Institute has an economic relationship with each university that requires its students to sit for Examinations Institute examinations.

132.    Chegg is or should be aware of the Examinations Institute's economic relationships with each university that requires its students to sit for Examinations Institute examinations.

133.    By encouraging students to infringe the Examinations Institute's copyrights and disseminate secure examination questions, Chegg intentionally or negligently interfered with the

COMPLAINT
Case No. _____

REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED

Examinations Institute's economic relationship with each university that requires its students to sit for Examinations Institute examinations.

134.    Such actions have caused Examinations Institute examinations to be compromised, which harms the Examinations Institute's reputation for providing secure, normed, and reliable examinations.

135.    Chegg proximately caused this harm to the Examinations Institute.  Chegg knows or should know that the Examinations Institute prepares standardized examinations that are necessarily secure and confidential, and which necessarily lose their value when compromised.  Chegg did foresee or should have reasonably foreseen that its advertisements, its Q&A service, and its own employees' and/or agents' dissemination and preparation of derivative works of the Examinations Institute's copyright-protected content would harm the Examinations Institute by compromising its secure and confidential examination questions.

136.    Chegg caused this harm through negligent or wrongful acts, including copyright infringement, deceptive and misleading advertising, and unfair competition.

137.    The Examinations Institute has suffered actual harm and reputational harm, and has incurred significant costs as a direct and proximate result of Chegg's conduct.

**PRAYER FOR RELIEF**

WHEREFORE, the Examinations Institute requests that this Court enter judgment in its favor on each and every claim for relief set forth above and award it relief, including the following:

**1)**    ***For Count I, Copyright Infringement Under 17 U.S.C. §§ 101 et seq.***

a.    That an Order be entered against Defendant Chegg for violating the provisions of the Copyright Act, 17 U.S.C. §§ 101 *et seq.* by infringing Plaintiff's copyrights in its secure examinations and study guides;

b.    That an Order be entered against Defendant Chegg in favor of Plaintiff for such damages as Plaintiff has sustained as a result of Defendant Chegg's infringement of Plaintiff's copyrights;

c.    That an Order be entered compelling Defendant Chegg to account for and/or disgorge all gains, profits, and advantages derived by Defendant Chegg by its infringement of Plaintiff's

COMPLAINT
Case No. _____

**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

1  copyrights or such damages supported by the provisions of the Copyright Act, 17 U.S.C. §§ 101 *et*

2  *seq*.;

3       d.   That an Order be entered against Defendant Chegg pursuant to 17 U.S.C. § 504 awarding

4  enhanced statutory damages for each infringement of Plaintiff's copyrighted works;

5       e.   That an Order be entered granting injunctive relief against Defendant Chegg pursuant to

6  17 U.S.C. § 502 preventing and restraining infringement of Plaintiff's copyrights by Ordering

7  Defendant Chegg, its agents, or anyone working for, in concert with, or on its behalf not to use,

8  publish, distribute, or in any way disseminate Plaintiff's copyrighted works;

9       f.   That an Order be entered against Defendant Chegg pursuant to 17 U.S.C. § 503 for the

10  impounding and/or destruction of all materials used in the violation of Plaintiff's exclusive

11  copyrights and any other articles by means of which such copies may be reproduced;

12       g.   That an Order be entered requiring Defendant Chegg to pay Plaintiff its costs and

13  attorneys' fees in this action pursuant to 17 U.S.C. § 505;

14       **2)**   ***For Count II, False Advertising Under 15 U.S.C. § 1125(a)(1)***

15       a.   That an Order be entered against Defendant Chegg for violating 15 U.S.C.

16  § 1125(a)(1) for using false, deceptive, and misleading statements that caused harm to Plaintiff;

17       b.   That an Order be entered against Defendant Chegg in favor of Plaintiff for such

18  damages as Plaintiff has sustained from Defendant Chegg's violations of 15 U.S.C. § 1125(a)(1),

19  including Plaintiff's lost profits, disgorgement of Defendant Chegg's profits, and corrective

20  advertising expenses, and that such awards be trebled pursuant to 15 U.S.C. § 1117;

21       c.   That an Order be entered in favor of Plaintiff disgorging Defendant Chegg's profits

22  after an accounting, and that such disgorgement to Plaintiff be trebled pursuant to 15 U.S.C. § 1117;

23       d.   That an Order be entered for injunctive relief prohibiting Defendant Chegg, its agents,

24  or anyone working for, in concert with, or on its behalf from engaging in false or misleading

25  advertising and/or violating 15 U.S.C. § 1125(a)(1), including removal of all infringing content from

26  Chegg.com, removal and destruction of all false or misleading advertisements pursuant to 15 U.S.C.

27  § 1118, and corrective advertising to remedy the effects of Defendant Chegg's false advertising;

28

COMPLAINT
Case No. _____

**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

e.     That an Order be entered requiring Defendant Chegg to correct any erroneous impression persons may have derived concerning the nature, characteristics, or qualities of Defendant Chegg's service and/or concerning the legality of photographing, uploading, and/or disseminating copyright-protected examination questions and/or study guides, including the placement of corrective advertising and providing written notice to the public;

f.     That an Order be entered requiring that all of Defendant Chegg's misleading and deceptive materials be removed and destroyed pursuant to 15 U.S.C. § 1118;

g.     That an Order be entered against Defendant Chegg to pay the Plaintiff its costs and attorneys' fees in this action pursuant 15 U.S.C. §§ 1116, 1117(a);

**3)     *For Count III, False Advertising Under Cal. Bus. & Prof. Code §§ 17500 et. seq.***

a.     That an Order be entered against Defendant Chegg for violating Cal. Bus & Prof. Code §§ 17500 *et seq.* by unfairly competing against Plaintiff by using false, deceptive, or misleading statements of fact that misrepresent the nature, quality, and characteristics of its service;

b.     That an Order be entered against Defendant Chegg in favor of Plaintiff for restitution in consequence of Defendant Chegg's violations of Cal. Bus & Prof. Code §§ 17500 *et seq.*;

c.     That an Order be entered enjoining Defendant Chegg from continuing to operate Chegg.com without removing any and all representations, statements, and advertisements likely to mislead, confuse, or deceive site users regarding the nature of Defendant Chegg's service, and without including corrective statements reasonably likely to notify Chegg.com users as to the lawful ways they can use Defendant Chegg's service, pursuant to Cal. Bus & Prof. Code § 17535;

d.     That an Order be entered granting cumulative relief against Defendant Chegg pursuant to Cal. Bus & Prof. Code § 17534.5;

e.     That an Order be entered requiring Defendant Chegg to pay Plaintiff its costs and attorneys' fees in this action pursuant to California Code of Civil Procedure § 1021.5, and other applicable laws;

**4)     *For Count IV, Unfair Competition Under Cal. Bus & Prof. Code §§ 17200 et seq.***

a.     That an Order be entered against Defendant Chegg for violating Cal. Bus & Prof. Code §§ 17200 *et seq.* by unfairly competing against Plaintiff by encouraging cheating, encouraging

COMPLAINT
Case No. _____

REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED

copyright infringement, and using false, deceptive, and misleading statements of fact that misrepresent the nature, quality, and characteristics of Defendant Chegg's service;

b.   That an Order be entered requiring Defendant Chegg to pay restitution to Plaintiff pursuant to Cal. Bus & Prof. Code §§ 17200 *et seq.*;

c.   That an Order be entered granting injunctive relief against Defendant Chegg pursuant to Cal. Bus & Prof. Code § 17203;

d.   That an Order be entered granting cumulative relief against Defendant Chegg pursuant to Cal. Bus & Prof. Code § 17205;

e.   That an Order be entered requiring Defendant Chegg to pay Plaintiff its costs and attorneys' fees in this action pursuant to California Code of Civil Procedure § 1021.5, and other applicable laws;

**5)**   ***For Count V, Tortious Interference with Prospective Economic Advantage***

a.   That an Order be entered against Defendant Chegg for tortiously interfering with Plaintiff's prospective economic advantage, and specifically with its business relations with its student and university customers, by negligently or intentionally disseminating and/or negligently or intentionally supplanting Plaintiff's study guides with Defendant Chegg's own service;

b.   That an Order be entered requiring Defendant Chegg to pay damages to Plaintiff for its tortious conduct under California law;

c.   That an Order be entered enjoining Defendant Chegg from continuing its tortious conduct under California law;

d.   That an Order be entered requiring Defendant Chegg to pay Plaintiff its costs and attorneys' fees in this action pursuant to California law;

**6)**   ***For All Counts***

a.   That an Order be entered requiring Defendant Chegg to pay Plaintiff punitive damages, as permitted by law, in an amount to be determined due to the foregoing willful acts;

b.   That Plaintiff be granted prejudgment and post-judgment interest as permitted by law; and

c.   Other relief as the Court may deem appropriate.

COMPLAINT
Case No. _____

REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED

1

## JURY DEMAND

2   Pursuant to Fed. R. Civ. P. 38, the Examinations Institute respectfully demands a trial by jury

3 on all issues properly triable by a jury in this action.

4

5 Dated:  June 19, 2017    Respectfully submitted,

6

7           /s/ Morgan E. Smith
            Morgan E. Smith (SBN 293503)

8           **FINNEGAN, HENDERSON, FARABOW,**
             **GARRETT & DUNNER, LLP**

9           morgan.smith@finnegan.com
            3300 Hillview Avenue

10          Palo Alto, CA  94304
           Telephone:  (650) 849-6600

11          Facsimile:  (650) 849-6666

12

13         Margaret A. Esquenet (*pro hac vice* to be filed)
          Samuel V. Eichner (*pro hac vice* to be filed)

14         **FINNEGAN, HENDERSON, FARABOW,**
           **GARRETT & DUNNER, LLP**

15         margaret.esquenet@finnegan.com
          samuel.eichner@finnegan.com

16         901 New York Avenue, N.W.
          Washington, D.C.  20001-4413

17         Telephone:  (202) 408-4000
          Facsimile:  (202) 408-4400

18

19         Attorneys for Plaintiff
         Examinations Institute of the American Chemical Society,

20         Division of Chemical Education

21

22

23

24

25

26

27

28

COMPLAINT
Case No. _____